IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAKOB M. PAGE,<br><br>Plaintiff,<br><br>vs.<br><br>BOZEMAN POLICE DEPARTMENT and OFFICER ROBERT VANUKA,<br><br>Defendants. | CV 17-00065-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jakob Page, a prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a Civil Complaint alleging Defendants disclosed information to the media which placed him in danger at the Gallatin County Detention Center (Doc. 2). Page has also filed a motion for the appointment of counsel. (Doc. 6.) The motion to proceed in forma pauperis will be granted but the Complaint, as currently plead, fails to state a federal claim and should be dismissed. The motion for appointment will therefore be denied.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

Page's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 3.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

Because he is incarcerated, Page must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Page submitted a declaration stating that he repeatedly asked for his prisoner trust account statement and has not received it. (Doc. 5 at 2.) In light of this representation, the initial partial filing fee will be waived and Page may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").

Page will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Page must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Page is held to forward payments from Page's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Parties

Page is a prisoner proceeding without counsel. He is incarcerated at the Gallatin County Detention Center. The named Defendants are the Bozeman Police

Department and Officer Robert Vanuka.

### B. Allegations

On April 12, 2017, Page was detained by Officer Vanuka for a criminal investigation. In an attempt to clear up the matter, Page asked Officer Vanuka if he could receive a deal in exchange for being cooperative. Officer Vanuka said he could not help Page and Page was booked into the jail.

While incarcerated at the Gallatin County Detention Center, Page became aware that Officer Vanuka had released to the media the fact that Page had asked for a deal. As a result, Page was approached by multiple large and "very 'scary'" inmates wishing to do Page harm since they believed he was a snitch. Page feared for his life. (Complaint, Doc. 2 at 2-3.) There is no allegation that Page was ever physically assaulted at the jail.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Because Page is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

3

seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). This rule requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679,

680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

justice").

**B. Analysis**

The Court construes Page's allegations as a failure to protect claim. A pretrial detainee's constitutional rights relative to conditions of confinement are addressed under the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). To state a failure to protect claim under the Fourteenth Amendment, a plaintiff must allege:

> (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). With respect to the third element, the defendant's conduct must be "objectively unreasonable." *Id. citing Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). This is a standard that is something "more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

6

At the time pertinent to Page's Complaint, he was, and remains incarcerated in the Gallatin County Detention Center and not the Bozeman Police Department. None of the named Defendants are therefore responsible for the conditions under which Page is confined. The information disclosed by Officer Vanuka was not false and pertained to the matter that Officer Vanuka was investigating. Page admits he is the one that broached the subject of cooperation. This was information likely required to be included by Officer Vanuka in any report of the incident. A report likely made available to the press. Moreover, Page admits he was not injured by these circumstances. He was merely approached by other inmates. *See* 28 U.S.C. § 1915e(e). Assuming that Page's factual allegations are true, the Court does not infer anything more than the mere possibility of misconduct. Page has not shown that he is entitled to relief. *Iqbal, 556 U.S. at 679* (*citing* Fed.R.Civ.P. 8(a)(2)). Therefore, Page has failed to state a failure to protect claim under the Fourteenth Amendment.

Even assuming that Page could possibly state a claim, Officer Vanuka would be entitled to qualified immunity. The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S.

223, 231 (2009). In determining whether an officer is entitled to qualified immunity, the Court must determine whether the facts alleged, taken in the light most favorable to the plaintiff, "(1) . . . show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood his or her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). Here, even if Page could demonstrate a constitutional violation, he cannot show that such a right was clearly established at the time of the incident. The Court has not found any case affirming a failure to protect claim based upon an arresting officer's statements to the press when the plaintiff is in the custody of another entity. *See Bennett v. Chitwood*, 519 Fed.Appx. 569, 575 (11th Cir. 2013) (officer entitled to qualified immunity on retaliation claim when he commented to the press that plaintiff was a key witness in a child molestation case). As such, there is no clearly established right of which a reasonable officer would have known prohibiting him from disclosing information pertinent to an investigation.

In light of the recommendation to dismiss this case for failure to state a claim, the motion for appointment of counsel will be denied. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (request for counsel in a civil case

8

appropriate only upon a finding of exceptional circumstances which requires "an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'")

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 30, 2017.

3. Page's Motion for the Appointment of Counsel (Doc. 6) is DENIED.

Further the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Page failed to state a claim upon which relief may be granted.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Page may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Page is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 29th day of September, 2017.

                                                */s/ Jeremiah C. Lynch*
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge