IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAKOB M. PAGE, | CV-17-00065-BU-BMM-JCL |
| Plaintiff, | |
| vs. | |
| BOZEMAN POLICE DEPARTMENT and OFFICER ROBERT VANUKA, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Jakob Page filed a complaint alleging that Defendants disclosed information to the media that placed him in danger at the Gallatin County Detention Center. (Doc. 2.) Page alleges that he asked Officer Vanuka if he could receive a deal in his criminal investigation in exchange for being cooperative. While incarcerated, Page alleges that he became aware that Officer Vanuka had released to the media the fact that Page asked for a deal. Page claims that several inmates approached him wishing to do him harm. (Doc. 2 at 2-3).

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on September 29, 2017. (Doc. 7.) Neither party filed objections.

1

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch determined that Page failed to state a federal claim for relief pursuant to Rule 8 of the Federal Rules of Civil Procedure. Rule 8 provides that a complaint "that states a claim for relief must contain… a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Judge Lynch construed Page's allegations as a failure to protect claim under the Fourteenth Amendment. (Doc. 7 at 6.) To state a failure to protect claim under the Fourteenth Amendment, a plaintiff must allege:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. Of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc). Judge Lynch determined that the information disclosed by Officer Vanuka was not false and actually pertained to the matter that Officer Vanuka was investigating. (Doc. 7 at 7.)

2

Page admits that he is the one that broached the subject of cooperation with Officer Vanuka. *Id.* This information was likely to appear in Officer Vanuka's report and likely would be made available to the public. *Id.* Page admitted that he was not injured by these circumstances. Judge Lynch determined that assuming Page's factual allegations are true, the Court cannot infer anything more than the mere possibility of misconduct. *Id.* As a result, Page has not shown that he is entitled to relief. *Id.* Judge Lynch further determined, that even assuming that Page could possibly state a claim, Officer Vanuka's actions would be protected by the doctrine of qualified immunity. *Id.* at 7-8.

Judge Lynch recommends that the Court dismiss this matter for failure to state a federal claim. Judge Lynch recommends that the docket reflect that any appeal of this decision would not be taken in good faith pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure. *Id.* at 10. The record makes clear that the complaint lacks arguable substance in law or fact. *Id.* Judge Lynch further recommends that the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Page failed to state a claim upon which relief may be granted. *Id.*

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Lynch's Findings and Recommendations (Doc. 7), are ADOPTED IN FULL.

**IT IS ORDERED** that this matter be dismissed for failure to state a federal claim. The Clerk of Court shall close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the docket shall reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**IT IS FURTHER ORDERED** that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Page failed to state a claim upon which relief may be granted.

DATED this 19th day of October, 2017.

Brian Morris
United States District Court Judge